UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN J. TATAR,

         Plaintiff,         CASE NO. 12-13314

v.         HON. MARIANNE O. BATTANI

WACHOVIA BANK, N.A.,

         Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss (Doc. No. 4). The Court has reviewed all the relevant filings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons that follow, the Court **GRANTS** Defendant's motion.

**I. STATEMENT OF FACTS**

Plaintiff John Tatar has filed six prior cases relating to the 2010 foreclosure of his mortgage on property located at 16451 Savoie, Livonia, Michigan. All six cases have been dismissed. See 11-11212, 11-51423, 11-51424, 11-51425, 11-51426, and 11-13090. In his most recent Complaint, which was removed from Wayne County Circuit Court, Plaintiff alleges that the foreclosure sale is void ab initio and that he should have been able to participate in a loan modification through the Home Affordable Mortgage Program (HAMP).

The facts giving rise to the claim were detailed in the Opinion and Order Granting Defendant's Motion to Dismiss and/or for Summary Judgment on all of Plaintiff's Claims in Case No. 11-11212, dated June 23, 2011.

Notably, on June 13, 2005, Plaintiff received a loan in the amount of $244,850 from World Savings Bank, FSB[1] and executed an adjustable rate mortgage for 16451 Savoie, Livonia, as security for the note. (Doc. No. 4, Exs. 6, 7, 9, 10) After Plaintiff defaulted on his loan, Defendant initiated foreclosure proceedings and purchased the property, which was sold August 18, 2010, at a sheriff's sale. (Doc. No. 4, Ex. 8). The redemption period expired on February 18, 2011, the date Plaintiff filed his first action. (See Doc. No. 4, Ex. 11). Wells Fargo successfully moved for dismissal of that case. Thereafter, Tatar filed four miscellaneous cases raising claims relating to the foreclosure. Those cases likewise were dismissed. Finally, Plaintiff filed another civil action, Case No. 11-13090, and filed an application to proceed in forma pauperis. Although the Court found that Plaintiff lacked the ability to pay the fees needed to commence a civil action, the Court found that the complaint was barred by res judicata.

In its Motion to Dismiss, Wells Fargo advances several grounds for dismissal: res judicata, lack of standing, failure to state a claim under HAMP, and that lack of prejudice to Plaintiff resulting from the adjournment of the sheriff's sale. The Court discusses the merits below.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss a complaint that fails "to state a claim upon which relief can be granted." "This rule allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if every allegation in the complaint is true." Tidik v. Ritsema, 938 F. Supp. 416, 421 (E.D. Mich.

---

[1] World Savings Bank, FSB became Wachovia Mortgage, FSB, which subsequently merged into Wells Fargo Bank, N.A.

2

1996). Thus, when faced with a Rule 12(b)(6) motion to dismiss, a district court "must construe the complaint in the light most favorable to the plaintiff, [and] accept all factual allegations as true[.]" In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).

## III. ANALYSIS

In addressing the merits of Defendant's motion, the Court has reviewed several of Defendant's exhibits, which were not attached to the Complaint. Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the Court deems the exhibits to be central to Plaintiff's claims. See Greenberg v. Life Ins. Co. of Virginia, 177 F.3d 507, 514 (6th Cir. 1999) (finding insurance policies were not matters outside the pleadings because they were referred to throughout the complaint and central to the claims).

The Court finds that the pending Complaint is barred by res judicata for the same reasons that guided its analysis in Case No. 11-13090. The doctrine "is applicable to a second suit involving the same cause of action that was raised in the first suit, and will bar relitigation of issues which actually were or might have been presented before the court in the first action." Senior Accountants, Analysts, and Appraisers Ass'n v. City of Detroit, 231 N.W.2d 479, 481 (Mich. App. 1975). In other words, "[c]laim preclusion applies not only to bar the parties from relitigating issues that were *actually* litigated but also to bar them from relitigating issues that *could have been raised* in an earlier action." J.Z.G. Resources, Inc. v. Shelby Ins. Co., 84 F.3d 211, 214 (6th Cir. 1996) (emphasis in original).

The Court finds that res judicata bars this action because all of the elements are met: "(1) the first action was decided on the merits, (2) the matter contested in the [pending] action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." See Dart v. Dart, 586, 597 N.W.2d 82, 88 (Mich. 1999).

Here, Plaintiff's claims arise from the same transaction challenged in his first lawsuit, the foreclosure of his mortgage and sheriff's sale. Had Tatar exercised reasonable diligence, he could have raised all of these claims. See Adair v. State, 680 N.W.2d 386, 396 (Mich. 2004). Further, the Court's dismissal of Plaintiff's claims against Wachovia in the previous suit constitutes a final decision on the merits. Further, the dismissal applies not only to Wachovia, but also to the defendant in this case--Wells Fargo, as they are the "same parties or their privies." WSF became Wachovia, which subsequently merged into Wells Fargo. (See Doc. No. 4, Exs. 9 and 10.)

In sum, the propriety of the foreclosure had been litigated by Tatar against this Defendant. To the extent that his claims here were not litigated to conclusion, they are barred because they could have and should have been litigated. Bragg v. Flint Bd. of Educ., 540 F.3d 775, 777 (6th Cir. 2009).

In addition, Wells Fargo asks the Court to issue an injunction to permanently enjoin Plaintiff from filing additional lawsuits relating to the foreclosure. Certainly, this Court has the authority to issue an injunctive order to require a prolific and vexatious litigant to meet specified restrictions before filing a complaint. See Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998); Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir. 1987). Nevertheless, the Court does not find an injunction is warranted at this juncture. Although Plaintiff has challenged the foreclosure on more than one occasion, the Court declines to characterize his conduct as rising to the level of prolific or vexatious. Feathers, 141 F.3d at 269. The Court does advise Plaintiff that additional lawsuits challenging the propriety of the foreclosure process may result in sanctions.

## IV.  CONCLUSION

For the reasons stated, Defendant's Motion is **GRANTED**.  Plaintiff's Complaint is **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

                                          s/Marianne O. Battani
                                           MARIANNE O. BATTANI
                                           UNITED STATES DISTRICT JUDGE

Dated:     November 2, 2012


### CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiff via ordinary U.S. Mail and Counsel for the Defendant via the Court's ECF Filing System.

                                          s/Bernadette M. Thebolt
                                          Case Manager